**Mabel HARDIN, Plaintiff,**

v.

**WAL–MART, INC., Defendant.**

**No. LR–C–79–384.**

United States District Court,
E. D. Arkansas, W. D.

March 4, 1981.

John W. Walker, Little Rock, Ark., for plaintiff.

William H. Bruckner, Houston, Tex., Robert F. Fussell, Little Rock, Ark., for defendant.

## MEMORANDUM AND ORDER

WOODS, District Judge.

On September 5, 1979 plaintiff filed a Title VII complaint against the defendant. By letter dated July 11, 1981 the attorneys were advised that the case would be tried on February 9, 1981, which date was later moved to February 24, 1981. In the letter/order setting the case for trial, counsel were directed to answer by January 9, 1981 the pre-trial questionnaire required by Rule 21 of the Local Rules of Civil Procedure. A copy of the questionnaire was enclosed in the letter of July 11, 1980 even though the text of the questionnaire is set forth in the Local Rules. Plaintiff's counsel on January 13, 1981 filed a motion for an extension of time to answer the pre-trial questionnaire, and by order dated January 14, 1981 the time was extended to January 30, 1981. In the pre-trial questionnaire plaintiff's counsel did not answer question No. 13 which reads as follows:

> The names, addresses, and telephone numbers of witnesses who will be called, excluding witnesses to be used solely for impeachment or rebuttal. (Indicate the nature of the testimony to be given by each witness, i.e. liability, expert, property damages, pain and suffering, etc.)

The response was as follows:

> At the submission of this pre-trial questionnaire plaintiff does not have the names of persons who will be called as witnesses. However, if there are to be any witnesses called on behalf of plaintiff, counsel for plaintiff will advise the Court in an expeditious manner.

On February 9, 1981 the defendant filed a motion to dismiss the complaint for non-compliance with the court's order of July 11, 1980. The gravamen of the motion appears in the following paragraph:

The Court's questionnaire requires the parties to set forth the names of witnesses who will testify and the nature of their testimony. Plaintiff's reply to the court's questionnaire fails to list a single witness who will testify including the Plaintiff itself. Instead, Plaintiff simply advises that a list may be forthcoming at some unmentioned future date.

On the same day, February 9, 1981, the court denied the motion to dismiss but ordered the plaintiff to reply to item 13 of the pre-trial questionnaire by February 13, 1981. The court's order was ignored, and the deadline of February 13, 1981 was not met in spite of the fact that the case was scheduled for trial on February 24, 1981, ten days following this deadline.

On February 18, 1981, 4:45 P.M., the defendant filed with the Clerk a renewed motion to dismiss under Rule 41(b) Fed.R. Civ.P. on the grounds that it had been substantially prejudiced by plaintiff's non-compliance with the court's order concerning item 13 of the pre-trial questionnaire. Prior to filing, a copy of this motion was hand delivered to plaintiff's counsel and a copy was also placed in the mail.

The filing of this motion finally triggered a response to the court's order of February 9, 1981. Mr. Simmons Smith, one of plaintiff's attorneys, attempted to call one of defendant's two attorneys, Mr. Bruckner, at his office in Houston, Texas at 5:00 P.M. on February 18, 1981. The substance of that call is set forth in the affidavit of Pamela A. Gordon, Bruckner's secretary:

> On February 18, 1981, at 5:00 p. m. a man identifying himself as Simmons Smith called for Mr. Bruckner. I took the call and told Mr. Smith that Mr. Bruckner was out of town and would not be returning to the office until Saturday, February 20, 1981. Mr. Smith stated that he wanted to give Mr. Bruckner the names of witnesses the Plaintiff intended to call in the Hardin versus Wal-Mart case set for trial in Little Rock.
>
> Mr. Smith then gave me seven names. I had him repeat and spell each name so I could take them down correctly. The names Mr. Smith gave me were:

a. Pat Tate;

b. Sue Reese;

c. Vivian Phillips;

d. Pam Glenn;

e. Hazel Bailey;

f. Lorraine Bowles; and

g. Linda Hoffman.

After Mr. Smith gave me the above stated names I requested he give me his telephone number and asked if he wanted Mr. Bruckner to call him. He said "there was no need for Mr. Bruckner to call him unless he (Mr. Bruckner) wanted to talk to him."

At the hearing on the motion to dismiss held on February 26, 1981, Mr. Smith admitted that the facts detailed by Ms. Gordon were substantially correct and that, other than the names of these witnesses, no further information was provided—no addresses, telephone numbers or indication concerning the nature of the testimony.

On the morning of February 19, 1981, Mr. Smith went by Mr. Fussell's office in Little Rock and left with the receptionist the names of the following six witnesses: (1) Sue Reese; (2) Pat Tate; (3) Vivian Phillips; (4) Lorraine Bowles; (5) Hazel Bailey; and (6) Linda Hoffman. Mr. Fussell, defendant's local counsel, was out of his office. A copy of the receptionist's message slip was introduced as defendant's Exhibit 1 at the February 26th hearing. Again no addresses or telephone numbers were provided, and the nature of their testimony was not set forth.

On this same date, February 19, 1981, Mr. Fussell filed on behalf of defendant another motion to dismiss, the substance of which is contained in the following two paragraphs:

It is now only four days before trial and the plaintiff still has not complied with this Court's Order in writing by revealing the addresses or whereabouts of the witnesses and the substance of their anticipated testimony.

The defendant has been substantially prejudiced by the plaintiff's conduct in that it will be unable to have a fair opportunity to interview or ascertain any material facts from the plaintiff's witnesses if the trial is held on February 24 as scheduled; and is thereby placed in a position of a denial of due process. The defendant, pursuant to this Court's Order on January 14, 1981, completed and supplied the Pre-Trial Questionnaire as directed by January 30, 1981.

On February 20, 1981 the court issued the following Order:

Before ruling on the pending motion and renewed motion to dismiss of the defendant in the above-styled action, the court desires to hear from counsel, and therefore a hearing on the pending motions to dismiss will be held on February 26, 1981 at 9:30 a. m. The trial of this matter, which had been scheduled the week of February 23, 1981, is continued pending resolution of this motion to dismiss.

A formal hearing on this matter was held on February 26, 1981. The basic facts as set forth above were not disputed by counsel. Plaintiff's counsel took the position that there had been substantial compliance with the court's order and Local Rule 21. In addition, plaintiff's counsel contended that the defendant was not prejudiced since defendant already knew the names of plaintiff's witnesses, having gleaned this information from the discovery deposition of plaintiff taken on May 28, 1980. Counsel called particular attention to pages 14 and 24 of this deposition, which the court has examined. On page 14 the following names are mentioned: Hazel Bailey or Bealey, Sandy (last name unknown) and Linda Hoffman. Plaintiff said she did not remember Linda Hoffman. On page 24 the name of Patricia Tate is mentioned. Of course, the mention of these names in a discovery deposition is hardly notice to defendant that they will be called as witnesses by the plaintiff. As a matter of fact, in his response to the pre-trial questionnaire, plaintiff's counsel said, "Plaintiff does not have the names of persons who will be called as witnesses." If plaintiff did not know the names of her witnesses, surely defendant could not be expected to have this knowledge.

Contrary to the position of plaintiff's counsel, the latter's conduct represents flagrant noncompliance with the orders of the court and Local Rule 21. Item 13 of the questionnaire required by Rule 21 and by a specific order of the Court requires that the *name, address, telephone number* and *nature of the testimony* of each witness be provided. *A copy of these answers is to be provided to the Clerk of this court.* Even now plaintiff's counsel have not complied with the order of this court or Rule 21.

Under Rule 41(b) Fed.R.Civ.P., there is ample basis for dismissing this action with prejudice. Not only have defendant and counsel been severely inconvenienced, but this court has irretrievably lost two days of trial time which had been set aside to try this matter. Such a dismissal would, however, severely penalize plaintiff for the derelictions of her counsel. We have therefore decided to grant defendant's motion to the extent of a dismissal without prejudice. Plaintiff is hereby ordered to pay the defendant's costs in the sum of $101.60.

IT IS, THEREFORE, CONSIDERED, ORDERED and ADJUDGED that the above and foregoing cause be dismissed without prejudice and costs of $101.60 are assessed against plaintiff.